# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                No.    CIV 99-0964 JP/LCS
                                                                   CR 97-0303 HB

JESUS MAGALLANES,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.    This matter is before the Court on Defendant's (Magallanes) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Magallanes, currently incarcerated and proceeding *pro se,* attacks the Judgment and Sentence entered on August 24, 1998, in the case styled *United States of America v. Jesus Magallanes*, and numbered CR 97-0303 HB, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

    2.    On May 21, 1997, Magallanes was charged with possession with intent to distribute 1 kilogram and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On June 4, 1997, Magallanes, through Russell Aboud, filed a Motion to Suppress Illegally Obtained Evidence. (Doc. 15.) A hearing was set for August 11, 1997, which was changed to a

guilty plea hearing. (Transcript of Plea Hearing of August 11, 1997 at 3-4.) At the hearing, Magallanes stated he did not want to plead guilty and was in the process of obtaining new counsel. *Id.* The Court revoked Magallanes bond and remanded him to custody pending a hearing on the Motion to Suppress. *Id.*

3. On October 7, 1997, Magallanes, through Gary Mitchell, filed a Supplemental Motion to Suppress Physical Evidence and Statements. (Doc. 47.) A hearing was held on October 9, 1997, and, on November 5, 1997, the Court entered a Memorandum Opinion and Order denying the motion with respect to physical evidence, but granting it with respect to all statements made after Magallanes was handcuffed but before he was read his Miranda rights be suppressed. On March 9, 1998, Magallanes entered a conditional plea to the indictment. (Doc. 64.) On July 16, 1998, the Court sentenced Magallanes to 195 months incarceration, to be followed by five years supervised release. (Doc. 68.) Judgment was entered on August 24, 1998. (Doc. 69.) Magallanes filed a direct appeal. (Doc. 70.) His conviction was upheld by the Tenth Circuit on April 23, 1999. *United States v. Magallanes*, 1999 WL 252396 (10th Cir. 1999). Magallanes filed his § 2255 motion on August 23, 1999, claiming that the District Court violated Federal Rule of Criminal Procedure 11 and that he received ineffective assistance of counsel at sentencing, during plea negotiations, and on appeal. (Doc. 74.)

4. The § 2255 Motion, filed within one year of the decision of the Court of Appeals, is timely under the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2255. In addition, as the Court has determined the motion, files, and records of the case conclusively show Magallanes is entitled to no relief, an evidentiary hearing is not required under 28 U.S.C. § 2255.

5. The Government contends Magallanes' claims are procedurally defaulted because he

failed to raise them on direct appeal. Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal. *See United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. .2d 816 (1982)*; United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). A defendant is procedurally barred from presenting any claim in a § 2255 motion that he failed to present on direct appeal unless he can demonstrate cause for the procedural default and prejudice suffered thereby, or that the failure to hear the claim would result in a fundamental miscarriage of justice. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir.1994). A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995). Accordingly, Magallanes' claims of ineffective assistance of counsel are not procedurally barred. However, Magallanes claim that the trial court violated of Rule 11 is barred by *Frady*.

6. Magallanes contends Mr. Mitchell was ineffective during plea negotiations, at sentencing, and on appeal. In order to establish ineffective assistance of counsel, Magallanes must show Mr. Mitchell's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for his unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). To demonstrate constitutional deficiency, Magallanes must show that counsel's performance was completely unreasonable, not simply ill-advised in hindsight. *See Fowler v. Ward*, ____ F.3d ____, 2000 WL 6192 (Jan.6, 2000); *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.1997). Similarly, to show unconstitutional prejudice, Magallanes must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. 2068. An ineffective assistance claim may be resolved on

3

either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir.1995).

7. Magallanes claims Mr. Mitchell was ineffective by advising him to accept the conditional plea. The conditional plea added six years to Magallanes sentence, but preserved his right to appeal the denial of his suppression motion to the Tenth Circuit. (Doc. 63.) The fact that an attorney persuades his client to accept a plea because it is in his best interests does not render the plea involuntary. *See Boykin v. Alabama*, 395 U.S. 238, 242-244, 89 S. Ct. 1709, 1711-1712, 23 L. Ed.2d 274 (1969); *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996); *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062, 116 S. Ct. 743, 133 L Ed.2d 692 (1996). A fair assessment of attorney performance requires a reviewing court "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2066. While it is true that the appeal was ultimately unsuccessful, Mr. Mitchell's representation must be evaluated in light of the circumstances existing at the time. *Strickland v. Washington*, 466 U.S. at 690, 104 S. Ct. at 2066. The appeal resulted in an eight page well-reasoned opinion. Eliminating the distorting effects of hindsight and evaluating Mr. Mitchell's conduct from his perspective at the time, his advice was not objectively unreasonable. Thus, Mr. Mitchell was not ineffective in advising Magallanes to accept the conditional plea.

8. Magallanes also contends that Mr. Mitchell gave him erroneous advice regarding the length of his sentence. A defense attorney's erroneous estimate of a sentence does not constitute ineffective assistance of counsel. *See United States v. Williams*, 118 F.3d 717, 718 (10th Cir.), *cert. denied*, 522 U.S. 1033, 118 S. Ct. 636, 139 L. Ed.2d 615 (1997). The express terms of the plea

agreement state that Magallanes "fully understands that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court." Plea Agreement at 4. Magallanes did not receive ineffective assistance with respect to Mr. Mitchell's advise regarding the length of his sentence.

9. Magallanes contends that his attorney failed to object to the classification of the type of methamphetamine in the Pre-Sentence Report. In support of this argument, Magallanes cites to *United States v. Glover*, 97 F.3d 1345 (10th Cir. 1996). *Glover* held that an attorney was ineffective for failing to object to a higher methamphetamine range at sentencing. However, *Glover* is not applicable to Magallanes' case because it applied a version of the Guidelines which is now obsolete. Specifically, *Glover* states that "as of November 1, 1995, this distinction between methamphetamine type has been eliminated, and L-methamphetamine is now treated the same ad D-methamphetamine under the Guidelines." *United States v. Glover*, 97 F.3d at 1347. As Magallanes was sentenced after November 1, 1995, the *Glover* version of the Guidelines did not apply to him. In support of his contention that Mr. Mitchell was ineffective at sentencing, Magallanes also relies on *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed.2d 311 (1999). As *Jones* does not address the issue of drug quality or quantity, it is also inapposite to this argument. Most importantly, however, Magallanes fails to assert that analysis of the drugs by a defense expert would have altered the outcome of the case. The district court may rely upon drug quantities not alleged in the indictment in calculating the base level offense. *See United States v. Underwood*, 982 F.2d 426, 429-30 (10th Cir. 1992). As Magallanes has failed to show how he was prejudiced by the lack of a defense expert, he has failed to establish Mr. Mitchell rendered ineffective assistance of counsel at sentencing.

10. Magallanes contends that Mr. Mitchell was ineffective in failing to preserve his Fourth

5

Amendment issues for appeal. A review of the Tenth Circuit's opinion in this case reveals that the arguments raised by Magallanes were addressed on the merits. *See United States v. Magallanes*, 1999 WL 252396 (10th Cir. 1999). Mr. Mitchell properly preserved Magallanes' Fourth Amendment issues for appeal. Therefore, Magallanes did not received ineffective assistance of counsel on appeal.

Recommended Disposition

I recommend denying Magallanes' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion to Supplement the Record. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE