IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 JAN 10 PM 4:12

JESUS MAGALLANES,

Petitioner,

v.  Civ. No. 99-964 JP/LCS

CR 97-0303 JP

UNITED STATES OF AMERICA,

Respondent.

## PETITIONER'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

In accordance with this Court's request from the bench at the evidentiary hearing of November 15, 2001, Petitioner Jesus Magallanes submits the following proposed findings of fact and conclusions of law:

1. Mr. Mitchell informed Mr. Magallanes that by pleading guilty and waiving his right to appeal, he stood to receive a ten-year sentence pursuant to a plea agreement.

2. Based on Mr. Mitchell's advice that he would likely prevail on appeal and have the incriminating evidence suppressed, Mr. Magallanes opted to proceed with his appeal and rejected the plea offer to a ten-year sentence.

3. Judge Bratton's ruling on the motion to suppress was based on a finding of



fact, that the law enforcement officer's testimony was credible. Thus, there was little, if any, chance for reversal on appeal.

4. Defense counsel rendered ineffective assistance by over representing Mr. Magallanes' chance for success on appeal and failing to advise him to accept the plea offer involving a ten-year sentence.

5. Mr. Magallanes was prejudiced by the ineffective assistance of his counsel by the imposition of a sentence longer than the ten years he could have received.

6. Due to ineffective assistance of counsel, Mr. Magallanes' plea was unknowing and involuntary.

7. Mr. Magallanes is entitled to have his plea vacated and his right to trial restored.

8. The issue of whether defense counsel was ineffective in failing to seek a role reduction is properly before this Court.

9. There was a strong factual basis for requesting a role adjustment for Mr. Magallanes, particularly in light of Mr. Mitchell's assessment of Mr. Magallanes as a mere mule with little knowledge of the organization who was carrying drugs for another individual at the time of the events giving rise to the charges in this case. Further, Mr. Magallanes had no prior drug offenses and the government had previously taken the position that a role adjustment would be appropriate.

10. Mr. Mitchell's expressed rationale for not seeking a role reduction, his client's failure to debrief and the three-point reduction Mr. Magallanes received for acceptance of responsibility, did not justify the failure to request a role reduction.

11. Mr. Mitchell rendered ineffective assistance of counsel by failing to object to the statement in the presentence report that no role adjustment was warranted.

12. Counsel's failure to request a role reduction likely resulted in the imposition of a sentence fifteen months longer than Mr. Magallanes would otherwise have received. Mr. Magallanes was thereby prejudiced by counsel's unreasonable failure to represent him competently at sentencing.

13. Mr. Magallanes is entitled under 28 U.S.C. § 2255 to be resentenced.

## CONCLUSION AND REMEDY SOUGHT

For the reasons stated above, Petitioner Jesus Magallanes requests that this Court adopt the foregoing findings of fact and conclusions of law and grant his motion under 28 U.S.C. § 2255 on the ground he was afforded ineffective assistance of counsel concerning his plea and sentence.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102

_____
John V. Butcher
Attorney for Petitioner

I hereby certify that a true
copy of the foregoing was mailed
to AUSA Mark D'Antonio at
the Office of the United States
Attorney, Las Cruces, NM, this
10th day of January 2002.

_____
John V. Butcher