IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS MAGALLANES,

    Plaintiff,

v.                                        CIV No. 99-964 JP/LCS
                                        CR No. 97-0303

UNITED STATES OF AMERICA,

    Defendant.

## RECOMMEND FINDINGS AND CONCLUSIONS OF LAW

**THIS MATTER** came before the Court at an Evidentiary Hearing on November 15, 2001 before the Honorable Leslie C. Smith, United States Magistrate Judge. After hearing the testimony of Mr. Magallanes, Mr. Magallanes' trial and appellate counsel, and having reviewed the entire record, I make the following recommended findings of fact and conclusions of law.

## Background

1.     On May 21, 1997, Mr. Magallanes was indicted on counts including possession with intent to distribute one kilogram or more of a methamphetamine and carrying a firearm during drug trafficking. Mr. Magallanes employed an attorney whom he ultimately replaced with Gary Mitchell, a well known New Mexico criminal law attorney. Mr. Magallenes, with the aid of his attorney, filed a motion to suppress physical evidence. The motion was denied. Mr. Magallanes then entered into a conditional plea where he reserved his right to appeal the denial of his motion to suppress and to withdraw his guilty plea if the denial was overturned on appeal. On July 16, 1998, the district court sentenced Mr. Magallanes to consecutive terms of imprisonment of eleven years and three months

1

for the drug charge and five years for the firearm charge. Mr. Magallanes then filed a direct appeal raising only the suppression issue. The Tenth Circuit affirmed the district court's denial of the motion to suppress.

2. Mr. Magallanes then filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on August 23, 1999. On February 18, 2000, I filed a Proposed Finding and Recommended Disposition (PFD) in which I recommended denying the motion in its entirety. After considering the Plaintiff's timely objections to the PFD, the District Judge adopted the PFD and formally denied the Plaintiff's §2255 Motion. Mr. Magallanes appealed the District Judge's Order adopting the PFD to the Court of Appeals. The Circuit subsequently filed an Order of Remand, ordering the trial court to further develop the proceedings. *See United States v. Jesus Magallanes*, No. 00-2124 (10th Cir. June 1, 2001).

3. The Court of Appeals specifically ordered the trial court to conduct an evidentiary hearing in order to develop the following issues: (1) whether Mr. Magallanes was advised of the different consequences and risks of the conditional plea he accepted verses the traditional plea allegedly offered by the government; (2) whether his attorney failed to advise him of the likelihood that the appellate court would overturn the district court's denial of the motion to suppress on direct appeal; (3) whether trial counsel was ineffective in informing him that he would only spend a maximum of five years in prison if he accepted the conditional plea; (4) whether Mr. Magallanes was advised by his counsel of the correct minimum and maximum sentences prior to his plea; (5) whether Mr. Magallanes was informed of the correct sentencing information prior to entering his plea from other sources such as the plea agreement or the arraignment; and (6) whether Mr. Magallanes' appellate counsel was in error for failing to raise a Rule 11(c)(1) claim on direct appeal. *See id.*

4. On November 15, 2001, I held an evidentiary hearing on these matters.[1] Mr. Magallanes and Mr. Mitchell, Mr. Magallanes' trial and appellate counsel, both testified at the hearing. At the hearing, Mr. Magallanes' counsel moved the Court to consider whether Plaintiff's trial attorney was in error for failing to object to the absence of a role reduction within the presentence report. I find that that motion should be denied as untimely. The Plaintiff should have brought this issue before the Court at an earlier time, not the day of the evidentiary hearing.[2] Moreover, the Plaintiff did not raise this issue within his original motion, nor did he raise the issue once the Tenth Circuit remanded this case for further development. Therefore, because the Plaintiff raises this issue the day of the evidentiary hearing, Plaintiff's oral motion to amend the complaint should be denied.[3]

## Findings of Fact and Conclusions of Law

5. Mr. Mitchell discussed with Mr. Magallanes the difference between a traditional plea and a conditional plea. *See* Tr. at 70-72. Mr. Magallanes understood that if he took the traditional plea he would give up his right to appeal. *See* Tr. at 70-72. The government did in fact offer a traditional plea in addition to a conditional one. The traditional plea disposed of Magallanes' right to appeal. *See* Ex. 4 and 5B.

6. Mr. Magallanas testified that after considering Mr. Mitchell's advice, he authorized Mr. Mitchell to start the appeal process, foregoing the traditional plea agreement. *See* Tr. at 24-25.

---

[1] Mr. Magallanes was appointed counsel for these proceedings. (*Doc. 21*).

[2] The Court of Appeals filed its Order of Remand on June 1, 2001. Counsel was appointed on July 11, 2001. The evidentiary hearing was also set on July 11, 2001 for November 15, 2001. As stated by the Honorable Paul Snead, a highly respected New Mexico trial judge, "[i]f you file a motion before trial, you get a hearing. If you file a motion on the day of trial, you get a ruling."

[3] Even if the motion were granted, it appears to be without merit. Mr. Mitchell testified that the reason he did not object to the presentence report was because the Defendant was already given a three point reduction for acceptance when he entered his conditional plea. *See* Tr. at 99.

3

7. Mr. Mitchell discussed with Mr. Magallanes the possibility of winning an appeal if the trial court denied his motion to suppress at the Tenth Circuit. He further discussed that the chances of winning such an appeal were not favorable. *See* Tr. at 70-72.

8. Mr. Mitchell never promised Mr. Magallanes that if he took the conditional plea, he would only be sentenced to five years imprisonment. *See* Tr. at 78. Mr. Mitchell informed Mr. Magallanes that regardless of the conditional plea, he could still be sentenced to at least fifteen years. Mr. Mitchell also informed Mr. Magallanes of the possibility of a life sentence with respect to the drug charge. *See* Tr. at 17, 19, 73, and 78

9. Mr. Magallanes was advised by Mr. Mitchell of the correct sentencing information. Mr. Mitchell advised Mr. Magallanes that he could be sentenced to at least fifteen years imprisonment. *See* Tr. at 19 and 73.

10. Mr. Mitchell discussed the mandatory minimums for each of the two counts. Mr. Mitchell informed Mr. Magallanes that the statutory mandatory minimum for possession of a weapon in federal court was five years and that the mandatory minimum for possession of a methamphetamine with intent to distribute was ten years. *See* Tr. at 19 and 73.

11. Mr. Magallanes testified that from the very beginning, he knew he was facing a sentence of least fifteen years. *See* Tr. at 38.

12. The plea agreement states that "the minimum and maximum penalties the Court can impose on Count One (drug charge) is: imprisonment for a period of not less than ten years or more than life;" and that the "minimum and maximum penalties the Court can impose on Count two (arms charge) is imprisonment for a period of not less than five years." *See* Ex. 5B at 3. Mr. Mitchell

explained the plea agreement to Mr. Magallanes in detail before Magallanes voluntarily signed it. *See* Tr. at 34 and 36.

13.     Mr. Magallenas was properly advised by the trial court of the correct penalties he faced in the indictment during his arraignment. These penalties included a minimum of ten years for the drug charge and an additional minimum of five years for the gun charge. *See* Tr. at 31-32; *see also* Ex. 1 at 4. Mr. Magallanes was fully informed of the minimum and maximum penalties.

14.     Mr. Mitchell was not ineffective for failing to raise a Rule 11(c) claim on appeal.[4] The present record reflects that such a claim is not considered a "dead-bang winner." As the Circuit Court stated within its Order "[a] 'dead-bang winner' is 'an issue which was obvious from the trial record, *and* one which would have resulted in a reversal on appeal." *United States v. Jesus Magallanes*, No. 00-2124 (10th Cir. June 1, 2001) (citing *United States v. Cook*, 45 F.3d 388, 395). Because, Mr. Magallanes had actual knowledge of the correct mandatory minimum and maximum sentences from the indictment and the plea agreement, a Rule 11(c) issue on appeal would have been meritless.

15.     With regard to ineffective assistance of counsel, Mr. Mitchell's performance as trial and appellate counsel was reasonable. Petitioner was sufficiently advised by his attorney as to the effects of his conditional plea and was aware of the correct minimum penalties for each count. *See United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996)("[a] guilty plea entered upon the advice of

---

[4]     Federal Rule of Criminal Procedure 11(c)(1) provides that before accepting a plea of guilty, the district court must advise the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Although the Circuit stated, within the Order of Remand, that the trial court erred by incorrectly informing the defendant of the possible maximum sentence, it concluded that "[its] failure to do so does not call for automatic reversal." Mr. Magallanes argued within his original petition that Mr. Mitchell failed to raise this issue on appeal. In response to his argument, the Circuit stated that "'an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal.'" *United States v. Jesus Magallanes*, No. 00-2124 at 7 (10th Cir. June 1, 2001).

counsel is invalid if . . . . the advice of defendant's counsel was not within the range of competence demanded of attorneys in criminal cases.").

16.     From observing the testimony and demeanor of the witnesses, I find that Mr. Mitchell's testimony was fully credible in all respects and that Mr. Magallanes' testimony was not credible.

## RECOMMENDATION

I recommend find that the Petitioner's trial and appellate counsel was not ineffective and that his §2255 Motion be denied. I also recommend that Plaintiff's oral motion to amend the complaint is without merit and that it be denied as untimely. Objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**